UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MEDICAL COMMUNICATIONS RESOURCES, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GLOBAL INITIATIVE FOR ASTHMA, INC.,<br><br>Defendants. | CASE NO. C10-5541BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR TEMPORARY RESTRAINING ORDER AND SETTING HEARING FOR ORAL ARGUMENT ON REQUEST FOR PRELIMINARY INJUNCTION |

This matter comes before the Court on Defendants Global Initiative for Asthma, Inc. ("GINA") and Global Initiative for Chronic Obstructive Lung Disease, Inc.'s ("GOLD"), (collectively "Defendants"), motion for temporary restraining order ("TRO") and request for order to show cause why a preliminary injunction should not issue. Dkt. 13. The Court has considered the pleadings filed in support of the motion, the lack of Plaintiffs' response to the motion and the remainder of the file and hereby grants the motion for temporary restraining order for the reasons stated herein.

**I. PROCEDURAL AND FACTUAL HISTORY**

On August 3, 2010, Plaintiffs filed the complaint in this action alleging claims against Defendants for trademark infringement and violation of the Lanham Act, breach of fiduciary duty, constructive trust, accounting, injunctive relief and copyright infringement. Dkt. 1 at 12-16. On August 30, 2010, Defendants filed their answer to the complaint including counterclaims against Plaintiffs. Dkt. 12. Also on August 30, 2010, Defendants filed the instant motion for TRO and request for order to show cause why a

ORDER - 1

preliminary injunction should not issue. Dkt. 13. Defendants represent that Plaintiffs were given notice of their motion as they were served with an electronic version of the motion at the time it was filed. Dkt. 13 at 21. Plaintiffs have not responded to the motion for TRO.

Defendants' version of the factual background contained in their motion for TRO is adequately supported by the declarations they submitted in support of the motion. *See* Dkt. 13 at 4-21; Dkts. 14, 15, 16, 17, & 18. In addition, Plaintiffs were given notice of the motion for TRO and have failed to respond. Therefore, the Court, for the sole purpose of deciding the motion for TRO, adopts the factual background as stated in Defendants' motion. Dkt. 13 at 4-21.

## II. DISCUSSION

**A.     TRO**

The purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006). To obtain preliminary injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. ___, 129 S. Ct. 365, 376 (2008).

**1.     Likelihood of Success on the Merits**

In order to grant preliminary relief, a district court must consider whether the moving party has a likelihood of success on the merits. *Winter*, 129 S. Ct. at 374. Here, the moving party are Defendants and they assert that they are likely to succeed on the merits based on their clear contractual rights under the 2008 Agreements at issue in this case. Dkt. 13 at 22. According to Defendants:

> The 2008 Agreements expressly and unequivocally provide GINA and GOLD with: (a) control of their guidelines; (b) the right to use and control their logos; (c) the right to publish and disseminate their materials for non-profit and educational use; (d) the right to control the contents of communications regarding World Asthma Day and World COPD Day; (e) control of their own websites; (f) the right to manage their funds; and (g) the responsibility for carrying on the GOLD and GINA initiatives.

Dkt. 13 at 22.  Defendants maintain that Plaintiffs have breached the 2008 Agreements by blocking Defendants' control of their websites and communications from the websites' users, taken away Defendants' editorial control over World Asthma Day communications, and threatened Defendants' nonprofit and educational use of certain intellectual property, and failing to provide Defendants' with any checks from sponsors since July 1, 2010.  *Id*. In addition, Defendants argue that Plaintiffs purported unilateral termination of the 2008 Agreements is ineffective because such agreements do not contain termination clauses and Defendants have not materially breached the agreements such that Plaintiffs would be entitled to terminate them.  *Id*. at 23.

The Court concludes that Defendants have shown a likelihood of success on the merits in submitting sufficient evidence to show that Plaintiffs are likely in breach of the 2008 agreements and that Defendants have not likely materially breached the agreements to the extent that Plaintiffs could claim the agreements have been terminated.

**2.   Irreparable Injury**

Next, the Court will consider the possibility of irreparable injury to Defendants if the preliminary relief is not granted.  *Winter*, 129 S. Ct. at 375.  Defendants argue that Plaintiffs' breach of the 2008 Agreements, as discussed above, will cause irreparable injury to Defendants if the Court does not grant their motion for TRO.  Defendants assert that Plaintiffs conduct is causing uncertainty, among the scientific community involved with Defendants, about the future of Defendants' work.  According to Defendants, these scientists may refuse to continue volunteering their time and efforts in contributing to Defendants' reports if they believe the current revision of Defendants' reports is not going to proceed.  In addition, Defendants argue that they are being irreparably harmed

by Plaintiffs' refusal to pass along their sponsorship money because they are not able to fund activities.

The Court concludes that Defendants have adequately shown that they will suffer an irreparable injury if the TRO is not issued. Defendants have a conference coming up in Barcelona, Spain during which revisions to their current reports are supposed to take place. The conference is to be attended by doctors and scientists from all over the world and a rescheduling of the conference is not practical. Defendants have submitted evidence to show that they will be irreparably injured by Plaintiffs' activities if the Court does not grant preliminary relief to restore the status quo.

### 3. Balance of Hardships

Defendants' argue that the balance of hardships tips strongly in their favor because Plaintiffs are interfering with the sponsorship money and the goodwill of volunteer scientists that Defendants, as nonprofit entities, rely on to maintain their organizations. Dkt. 13 at 24. Moreover, Defendants maintain that Plaintiffs will not suffer a hardship if the Court grants the TRO because Plaintiffs will actually benefit from Defendants continuing their work in revising and disseminating their reports. *Id*. The Court agrees with Defendants and concludes that they have submitted sufficient evidence to show that the balance of hardships tips in their favor.

### 4. Public Interest

Finally, in considering whether to grant a motion for TRO, the Court will consider the public's interest. *Winter*, 129 S. Ct. at 375. In an earlier Court of Appeals opinion in the *Winter* case, the Ninth Circuit reiterated the importance of this factor: "the district court must consider not only the possibility of irreparable harm, but also, in appropriate cases, the public interest. The public interest is not the same thing as hardship to [a] party . . . . Balance of hardships is the third factor, and the public interest is the fourth factor. They are separate. . . ." *Natural Resources Defense Council v. Winter*, 502 F.3d 859, 862

ORDER - 4

1  (9th Cir. 2007) (reversing the district court's order granting a preliminary injunction
2  where the district court did not consider the public interest factor).

3  Defendants state that granting the TRO in this case "is absolutely and unequivocally in the public interest" and that it will allow them "and their teams of volunteer scientists to proceed with revising the GINA and GOLD reports to incorporate the most up-to-date asthma and COPD research.  This will save lives and make better the lives of those affected by asthma and COPD." Dkt. 13 at 25.  The Court concludes that Defendants have submitted sufficient evidence to show that the reports they issue are relied on by the scientific and medical community in treating patients suffering from asthma and COPD and that it is in the public interest to grant the TRO.

### 5. Conclusion

Because the Court finds that each of the four factors discussed above weighs in favor of Defendants' to enjoin Plaintiffs, the Court concludes that Defendants' motion for TRO is granted.  Further, because the Court concludes that the TRO will maintain the status quo for a short period of time, it further concludes "there is no realistic likelihood of harm to [Plaintiffs] from enjoining [their] conduct." *Jorgensen v. Cassiday*, 320 F.3d 906, 920 (9th Cir. 2003).  Accordingly, the Court concludes that Defendants are not required to post a surety bond.

### B. Preliminary Injunction

In their motion for a TRO, Defendants also requests relief in the form of an order to show cause why a preliminary injunction should not issue. Dkt. 13.  The Court concludes that this request should be granted to the extent that Plaintiffs must file a brief in opposition to Defendants' request for a preliminary injunction on or before September 22, 2010, and Defendants may file a reply on or before September 24, 2010.  Oral argument on the request for preliminary injunction is set for October 5, 2010, at 1:30 p.m.

## III. ORDER

Therefore, it is hereby **ORDERED** that

(1) Defendants' motion for TRO (Dkt. 13) is **GRANTED** and Plaintiffs must:

(a) Within 48 hours, restore Defendants' access to the GINA and GOLD websites and to communications received from visitors to those websites;

(b) Within 48 hours, restore control of communications regarding World Asthma Day and World COPD Day to Defendants;

(c) Release and transfer to Defendants any and all sponsor funds, received by Plaintiffs and made out to Defendants, and turn over any other moneys due to Defendants pursuant to the 2008 Agreements; and

(d) refrain from interfering, directly or indirectly, with Defendants' upcoming meetings in Barcelona, Spain, at which volunteer scientists affiliated with Defendants will be working to finish their annual revisions to the GINA and GOLD Reports.

(2) The parties file briefing on the issue of a preliminary injunction as discussed herein.

(3) A **HEARING** on the preliminary injunction motion is set for **October 5, 2010, at 1:30 p.m.**

DATED this 2nd day of September, 2010.

BENJAMIN H. SETTLE
United States District Judge