UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MEDICAL COMMUNICATIONS RESOURCES, INC., et al.,<br><br>    Plaintiffs,<br><br>       v.<br><br>GLOBAL INITIATIVE FOR ASTHMA, INC., et al.,<br><br>    Defendants. | CASE NO. C10-5541BHS<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR RECONSIDERATION AND ISSUING AMENDED TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on Plaintiffs Medical Communications Resources, Inc. and US Health Network, Inc.'s motion for reconsideration (Dkt. 25) of the Court's order granting Defendants Global Initiative for Asthma, Inc. ("GINA") and Global Initiative for Chronic Obstructive Lung Disease, Inc.'s ("GOLD") motion for temporary restraining order ("TRO") and request for order to show cause why a preliminary injunction should not issue (Dkt. 21). The Court has considered the pleadings filed in support of and in opposition to the motions, oral arguments of counsel, and the remainder of the file and hereby grants the motion for reconsideration and amends the temporary restraining order for the reasons stated herein.

**I. PROCEDURAL AND FACTUAL HISTORY**

On August 3, 2010, Plaintiffs filed the complaint in this action alleging claims against Defendants for trademark infringement and violation of the Lanham Act, breach of fiduciary duty, constructive trust, accounting, injunctive relief and copyright

ORDER - 1

infringement. Dkt. 1 at 12-16. On August 30, 2010, Defendants filed their answer to the complaint including counterclaims against Plaintiffs. Dkt. 12. Also on August 30, 2010, Defendants filed a motion for TRO and request for order to show cause why a preliminary injunction should not issue. Dkt. 13. Defendants represented that Plaintiffs were given notice of their motion as they were served with an electronic version of the motion at the time it was filed. Dkt. 13 at 21. Plaintiffs did not respond to the motion for TRO or inform the Court that they intended to respond. On September 2, 2010, the Court issued an order granting Defendants' motion for TRO and scheduling a hearing on their request for a preliminary injunction. Dkt. 21.

On September 7, 2010, Plaintiffs filed the instant motion for reconsideration of the Court's order granting the TRO. Dkt. 25. On September 8, 2010, Defendants filed a response. Dkt. 29. Also on September 8, 2010, the Court held oral argument on the motion for reconsideration and Defendants' motion for TRO. *See* Dkt. 28. During oral arguments, the parties agreed that they would attempt to come to an agreement on the issues presented in Defendants' motion for TRO and that they would inform the Court if there were issues that they were not able to resolve.

On September 13, 2010, the parties informed the Court that they had come to an agreement on all but one issue presented in the motion for TRO. *See* Dkts. 32 & 34. On September 14, 2010, the Court held a telephone conference with the parties to discuss the unresolved issue of whether Plaintiffs would deposit the entire amount of the sponsorship checks into an escrow account or keep their allegedly earned 12.5% commission and deposit the remaining funds.

**II. DISCUSSION**

**A.   Motion for Reconsideration**

Motions for reconsideration are governed by Local Rule CR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior

ORDER - 2

>ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Local Rule CR 7(h)(1).

The parties have stipulated that the Plaintiffs' motion for reconsideration should be granted to the extent that the Court should amend its September 2, 2010, order granting the TRO. *See* Dkts. 32 & 34. As stated above, the remaining issue on which the parties have not agreed is whether Plaintiffs are entitled to keep their 12.5% commission of the sponsorship checks or whether they must deposit the entire amount of the checks into the escrow account. During the September 14, 2010 hearing, the parties made oral arguments on this issue and the Court orally ruled that Defendants had not met the requirements for issuing a TRO to enjoin Plaintiffs from retaining the 12.5% commission.

**B.   TRO**

The purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130-31 (9th Cir. 2006). To obtain preliminary injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, ___ U.S. ___, 129 S. Ct. 365, 376 (2008).

As stated above, the parties have come to an agreement on all but one issue involved in Defendants' motion for TRO. The Court concludes that Defendants have not shown a likelihood of success on the merits or irreparable injury regarding the deposit of the 12.5% commission into the escrow account where the remaining funds of those

ORDER - 3

checks will be held. Defendants have failed to submit evidence that they are likely to be entitled to that commission or that they will be irreparably harmed if Plaintiffs are allowed to keep the commission while depositing the remainder of the sponsorship checks in an escrow account. Therefore, the Court concludes that the parties' stipulated order will be entered without the requirement that Plaintiffs deposit the 12.5% commission allegedly due Plaintiffs into the escrow account.

## III. ORDER

Therefore, it is hereby **ORDERED** that Plaintiffs' motion for reconsideration (Dkt. 25) is **GRANTED** to the extent that the Court's TRO (Dkt. 21) is **AMENDED** as follows:

(1) Plaintiffs shall:

    (a) Within 48 hours, restore Defendants' access to and control over the GINA and GOLD websites and to communications received from visitors to those websites. Within ten (10) days, Plaintiffs will provide Defendants with copies of all emails received from visitors to the GINA and GOLD websites between July 29, 2010, and September 7, 2010. If Defendants cannot provide these communications within this timeframe, the parties will hold a meet and confer to develop a protocol for providing GINA and GOLD with the communications as expeditiously as possible;

    (b) Within 48 hours, restore control of communications regarding World Asthma Day and World COPD Day to Defendants;

(c)  Within ten (10) days, transfer into a joint third-party interest bearing escrow account any and all yearly sponsorship funds received by Plaintiffs, which would ordinarily be due pursuant to the subject 2008 agreements between MCR, on the one hand, and Defendants on the other hand ("the Agreements").  Such funds shall be transferred into escrow without prejudice to any of the parties' respective positions as to whether the Agreements have terminated.  Such funds shall be held in escrow pending final determination of the issues in this litigation, or until further order of the Court.  In the event that Plaintiffs receive any additional yearly sponsorship funds which would ordinarily be due pursuant to the Agreements, such funds shall be placed in the escrow account within ten (10) days of receipt by Plaintiffs;

(d)  Provide Defendants with a copy of the subject escrow instructions, as well as regular periodic accountings of the yearly sponsorship funds received by Plaintiffs, within ten (10) days after any yearly sponsorship funds are deposited into the subject joint escrow account;

(e)  As soon as possible, but not to exceed thirty (30) days, provide Defendants with a copy of any and all agreements (inclusive of any documents that contain restrictions on use of the sponsorship funds) with sponsors relating to yearly sponsorship funds placed in escrow under this order.  Defendants shall not use the applications and

agreements, or the contents thereof, for any purpose other than this litigation, or as necessary to ensure compliance with said agreements. Defendants shall not disclose the subject agreements with sponsors to anyone other than the attorneys, parties involved in this litigation, and the specific sponsor with whom the agreement has been made.

(2) The parties stipulate and agree that this order shall remain in effect until further order of the Court.

(3) The parties stipulate and agree to early mediation of this matter, to be completed on or before December 3, 2010, which shall satisfy the parties' required alternative dispute resolution obligations under Local Civil Rule 39.1.  The parties shall try and cooperatively agree on the selection of a mediator.  In the event the parties are unable to agree, and upon motion by either party, selection of the mediator shall be made by the Court from the register of qualified attorneys maintained by the Clerk of the Court.

DATED this 15th day of September, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 6